Mr. Abel Acosta, Clerk
Court of Criminal Appeals
PO Box 12308
Austin, Texas 78711


Dear Mr. Acosta:

Please find enclosed my, Pro Se, Motion for Rehearing of Petitioners out-of-time Petition for Discretionary Review. Please file this Motion, along with attachments, with the papers of this case, and bring it to the attention of the Court.

Please date-stamp this letter and return it to me at the address shown below.

I also request that you notify me of the Court's ruling on this Motion.

Respectfully submitted,

Chrystopher Don Preciado
Petitioner, Pro Se
T.D.C.J. #1700033
William P. Clements
9601 Spur 591
Amarillo, Texas 79107-9606

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 13 2015

Abel Acosta, Clerk

i

Trial Court No. 60,196-01-A
Court of Appeals No. 07-10-00242-CR
PD-1413-14

| | |
|---|---|
| Chrystopher Don Preciado, Petitioner | In the Texas Court |
| VS | of |
| The State of Texas, Respondent | Criminal Appeals |

Pro Se Motion for Rehearing
of Petitioners Out-of-Time
Petition for Discretionary Review
from the Seventh Court of Appeals

To the Honorable Judges of the Court of Criminal Appeals:

Comes now, Chrystopher Don Preciado, Petitioner, and files this motion for rehearing of petitioners out-of-time Petition for Discretionary Review. In support of this motion, Petitioner shows the court the following:

## I

The Petitioner moves that the Seventh Court of Appeals has decided an important question of state and federal law that has not but should be settled by the court of criminal appeals, mainly, "was it intended in the

1.

STATUTES, CREATED BY THE LEGISLATION, TO ALLOW THE JOINDER OF THE SAME OFFENSE IN A SINGLE INDICTMENT?" (SEE ISSUE I OF OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW) FURTHERMORE, THE SEVENTH COURT OF APPEALS APPEARS TO HAVE DECIDED AN IMPORTANT QUESTION IN A WAY THAT CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS OR THE SUPREME COURT. UPON CLAIMING PETITIONERS INDICTMENT TO BE PROPERLY JOINED, THE SEVENTH COURT OF APPEALS HAS AUTOMATICALLY VESTED THE TRIAL COURT WITH JURISDICTION WITHOUT PROPERLY REVIEWING SUCH VESTMENT. (SEE ISSUE II OF OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW) FINALLY, THE SEVENTH COURT OF APPEALS APPEARS TO HAVE SO FAR SANCTIONED THE DEPARTURE BY THE TRIAL COURT FROM THE ACCEPTED AND USUAL COURSE OF JUDICIAL PROCEEDINGS TO CALL FOR AN EXERCISE OF THE COURT OF CRIMINAL APPEALS POWER OF SUPERVISION. (SEE ISSUE III OF OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW)

## PRAYER

BY THE SUPPORT HEREIN PRESENTED, PETITIONER PRAYS THIS COURT GRANT THIS MOTION FOR REHEARING OF PETITIONERS OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW.

RESPECTFULLY SUBMITTED,

CHRYSTOPHER DON PRECIADO, PETITIONER PRO SE, #M00083 TEXAS DEPARTMENT OF CRIMINAL JUSTICE, WILLIAM P. CLEMENTS 9601 SPUR 591, AMARILLO, TEXAS 79107-9606

2

## CERTIFICATE OF SERVICE

I, CHRYSTOPHER DON PRECIADO, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING MOTION FOR REHEARING OF PETITIONERS OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW, WILL BE FORWARDED BY UNITED STATES MAIL, POSTAGE PREPAID, FIRST CLASS, TO THE STATE PROSECUTING ATTORNEY, P.O. BOX 12405, AUSTIN, TEXAS 78711, AND THE DISTRICT ATTORNEY FOR POTTER COUNTY, TEXAS FROM THE 47TH DISTRICT COURT, 501 S. FILLMORE, SUITE 5A, AMARILLO, TEXAS 79101-2449 ON THIS THE 7TH DAY OF APRIL, 2015, BY MR. ABEL ACOSTA, CLERK, COURT OF CRIMINAL APPEALS.

CHRYSTOPHER DON PRECIADO
PETITIONER PRO SE

3

# APPENDIX

# Issues Presented

I. The Court of Appeals erred by misconstruing T.R.A.P. Rule 21.9(b) and T.C.C.P Article 21.24(a) to Petitioners sole issue raised on appeal. [Argument "In Short"].... Only one Aggravated Robbery was alleged against Petitioner, not two or more, or the repeated commission, of the same offense as necessary by the law cited....

II. Although Petitioner did not object to Indictment prior to trial, does the fact that the Court of Appeals plainly held Indictment erroneous stop Petitioner from challenging the Jurisdiction of the Trial Court? [Argument "In Short"].... If the charging instrument fails to satisfy constitutional requisites it fails to vest the Trial Court with Jurisdiction and a Judgement of conviction based on it is void (Nix v. State 65 SW3d 664; 83 S.Ct. 792).... The court will consider the sufficiency of the Indictment is so... defective that it deprives the convicting court of Jurisdiction. (Meyer v Estelle 621 F2d 769, 771 5th Cir.; Riley v Cockrell 339 F3d 308 5th Cir.)

III. Does the Court of Appeals own admission that they were unable to find a precedent that would aid them in deciding an important question of State and Federal law demand for an exercise of the Court of Criminal Appeals power of supervision to set precedent? [Argument "In Short"].... Upon reviewing Petitioners

5.

DIRECT APPEAL THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF AMARILLO CLEARLY RECOGNIZED THE ERRONEOUS INDICTMENT USED IN PROSECUTING THE PETITIONER, AND INSTEAD OF TREATING THE INDICTMENT, AS PRESENTED, ACCORDING TO THE CASE LAW CITED IN HATHORN V STATE 848 SW2D 101 THEY CLAIMED TO NOT HAVE THE AUTHORITY TO DO SO; HOWEVER, IT'S WELL KNOWN WHEN GOVERNING DECISIONS OF [THE COURT] ARE UNWORKABLE OR BADLY REASONED [THE COURT SHOULD NOT BE] CONSTRAINED TO FOLLOW PRECEDENT. IF IT WERE, THE LAW WOULD NEVER DEVELOP. (PROCTOR V STATE 967 SW2D 840,844)

6

CHRYSTOPHER PRECIADO
MLOO 33 8315T
CLEMENTS 9601 SPUR 591
AMARILLO TX 79107. 9606

78711#22008

Mr. ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
PO BOX 12308
AUSTIN, TEXAS 78711

